Tanya E. Moore, SBN 206683
MISSION LAW FIRM, A.P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: service@mission.legal

Attorneys for Plaintiff
Francisca Moralez

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF OAKLAND; SP PLUS CORPORATION;<br><br>    Defendants. | No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA UNRUH CIVIL RIGHTS ACT** |

Plaintiff, Francisca Moralez ("Plaintiff"), complains of defendants, City of Oakland and SP Plus Corporation (collectively "Defendants"), and alleges as follows:

**I.   PARTIES**

1. Plaintiff is a resident of the city of Antioch, California, who is physically disabled, as defined by both state and federal law. Specifically, she suffers from rheumatoid arthritis and is substantially limited in her ability to walk, requiring her to use a wheelchair for mobility.

2. Defendant City of Oakland ("the City") is a public entity located in Alameda County, California.

COMPLAINT

Page 1

3. Defendant SP Plus Corporation is a corporation or other business entity conducting business within Alameda County, California.

4. Defendants own, operate, and/or maintain the City Center West Parking Garage located at 1250 Martin Luther King Jr. Way in Oakland, California ("the Garage").

## II.   JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

6. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

## III.   VENUE

7. The real property which is the subject of this action is located within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b).

## IV.   FACTS

8. Plaintiff lives less than forty miles from the Garage. She regularly travels to the area where the Garage is located, and has a need to park in the Garage, in order to visit the post office and other businesses located near the Garage.

9. On or about July 26, 2017, Plaintiff visited the post office nearby and parked at the Garage. On that occasion, Plaintiff encountered the following barriers to her access at the Garage which interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Garage:

   a. Plaintiff could not find any designated van-accessible parking, nor any parking stalls that were wide enough and had a sufficient clear space on the passenger side of the stall which she requires in order to deploy her wheelchair ramp and unload from her vehicle. She parked in a standard designated accessible parking stall, but there were bollards located in the adjacent access aisle which reduced the clear space and made it hard for her to deploy her ramp and unload.

      b.      Plaintiff could not find an accessible route between the payment machine and her vehicle, and was required to travel behind other parked vehicles and through the drive lane.

10. The Garage and the public parking service it provides is a program, service and activity offered by Defendants to the general public.

11. On information and belief, there are other access barriers and discriminatory policies that exclude and deter Plaintiff and others similarly situated from enjoying full and equal access to the programs, services and activities offered by Defendants to the general public at the Garage. The extent of these additional barriers will be made known after a full inspection of the Garage, and if necessary, reflected in an amendment of Plaintiff's Complaint.

12. On information and belief, the Garage was constructed and/or altered since January 26, 1993.

13. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and continues to be, denied full and equal access to the programs, services and activities offered to the public in and about the Garage, and she has suffered discrimination, humiliation, frustration, embarrassment, fear, pain, difficulty and discomfort, all to her damage.

14. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly situated persons with disabilities.

## V. GOVERNMENT CLAIM FILED

15. Plaintiff timely filed a claim pursuant to California Government Code section 910 with the City on or about October 13, 2017, which claim was deemed rejected on or about November 27, 2017 by operation of law.

## VI. FIRST CLAIM

### Title II of the Americans with Disabilities Act of 1990

### 42 U.S.C. § 12131, *et seq.*

16. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

18. At all times relevant to this action, Defendants were "public entities" within the meaning of Title II of the ADA, and provided programs, services and/or activities to the general public at the Garage.

19. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA, and meets the essential eligibility requirements for the receipt of the services, programs, or activities offered by Defendants at the Garage.

20. To be considered accessible, a parking facility must contain at least one van-accessible parking stall with an access aisle measuring at least 96 inches wide. ADAAG § 4.1.2(5)(b). The Garage did not contain any designated van-accessible parking stalls, and none of the accessible parking stalls had access aisles measuring at least 96 inches wide.

21. To be considered accessible, a facility must have an accessible route connecting accessible buildings, facilities, elements, and spaces that are on the same site. ADAAG § 4.3.2(2). The Garage had no accessible route of travel connecting the designated accessible parking used by Plaintiff to the parking self-payment machine.

22. The duties to make the Garage accessible to Plaintiff enumerated herein were mandatory duties held by Defendants. Defendants are deemed to have knowledge of these duties.

23. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities it offers to members of the public at the Garage, in violation of Title II of the ADA and its implementing regulations.

24. On information and belief, to the date of the filing of this Complaint, Defendants have failed to make the Garage accessible to and useable by persons with

disabilities, as required by law, and has failed to maintain existing facilities in a properly accessible condition.

25. Plaintiff requests that an injunction be issued requiring that Defendants make the Garage accessible to and useable by persons with disabilities who have mobility impairments, and to maintain the Garage in an accessible condition.

## VII.   SECOND CLAIM
## California Unruh Civil Rights Act
## California Civil Code § 51, *et seq*.

26. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

27. California Civil Code § 51 (the Unruh Civil Rights Act) states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

28. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

29. The Garage is a business establishment which is open to the public and provides services to the public.

30. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act Civil Rights Act.

31. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability), in violation of the ADA, which is therefore a violation of the California Unruh Civil Rights Act.

32. Defendants' failure to provide Plaintiff full and equal access to the Garage caused Plaintiff difficulty, discomfort and embarrassment, all to Plaintiff's damage.

//

33.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

34.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

35.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and the ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.
3. Attorneys' fees, litigation expense, and costs of suit.[1]
4. Interest at the legal rate from the date of the filing of this action.
5. For such other and further relief as the Court deems proper.

Dated:  December 21, 2017            MISSION LAW FIRM, A.P.C.

　　　　　　　　　　　　　　　　　　　　/s/ Tanya E. Moore
　　　　　　　　　　　　　　　　　　　　Tanya E. Moore
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　　　Francisca Moralez

---

[1] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

# VERIFICATION

I, FRANCISCA MORALEZ, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: December 21, 2017                /s/ Francisca Moralez
                                        Francisca Moralez

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                        /s/ Tanya E. Moore
                                        Tanya E. Moore, Attorney for
                                        Plaintiff, Francisca Moralez

*Moralez v. City of Oakland, et al.*
*Verification*